UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ALEXANDER GIRALDO-SANTA PETITIONER

V. CIVIL ACTION NO. 3:25-CV-748-DPJ-ASH

WARDEN CHILDRESS RESPONDENT

REPORT AND RECOMMENDATION

Pro se Petitioner Alexander Giraldo-Santa filed this 28 U.S.C. § 2241 habeas petition challenging the Bureau of Prisons' calculation of sentencing credits he says he earned under the First Step Act. As explained below, the undersigned recommends the Court dismiss Giraldo-Santa's petition without prejudice due to his failure to exhaust. Alternatively, the undersigned recommends the Court deny Giraldo-Santa's petition on the merits.

I. Facts and Procedural History

On December 10, 2020, the United States District Court for the Middle District of Florida sentenced Giraldo-Santa to serve a 200-month term of incarceration following his guilty plea to a charge of conspiracy to possess with the intent to distribute cocaine. Giraldo-Santa, who is incarcerated at the Federal Correctional Complex in Yazoo City, has a projected statutory release date of October 4, 2028, based on the assumption that he earns all good-conduct time available to him, and a projected release date of October 5, 2027, with 365 days of FSA credit credited toward his sentence. *See* 28 C.F.R. § 523.20(b)(1) ("The [BOP] will award inmates up to 54 days of GCT credit for each year of the sentence imposed by the court. Consistent with this methodology, the [BOP] will initially determine a projected release date by calculating the maximum GCT credit possible based on the length of an inmate's imposed sentence.").

Giraldo-Santa believes he is entitled to approximately 400 additional days of FSA credit that he asserts should be awarded "towards RRC/HC placement." Pet. [1] at 5.[1] He filed this petition seeking an order directing the BOP to award those credits "towards sentence reduction and RRC/HC placement." Am. Pet. [4] at 7. Respondent responded in opposition to Giraldo-Santa's petition; Giraldo-Santa filed no reply.

II. Analysis

Respondent says Giraldo-Santa's petition should be dismissed for failure to exhaust, or, alternatively, denied on the merits. The Court agrees on both counts.

"The BOP is responsible for calculating sentencing credit, and the proper vehicle for raising . . . a challenge [to its calculation] is a petition pursuant to 28 U.S.C. § 2241 . . . in the district where the [petitioner] is incarcerated." *United States v. Sonsteng*, No. 2:17-539, 2021 WL 2380054, at *1 (S.D. Tex. June 9, 2021). To the extent Giraldo-Santa's petition challenging the application of his FSA credits implicates the duration of his term of incarceration, it is properly before the Court. *See Maxwell v. Thomas*, 133 F.4th 453, 454 (5th Cir. 2025) ("[A] habeas petition 'is the proper vehicle to seek release from custody.'" (quoting *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020)), *cert. granted*, 2026 WL 1513325 (June 1, 2026).

A. Exhaustion

Before filing a § 2241 petition, "[a] federal prisoner seeking credit on his sentence . . . 'must first exhaust his administrative remedies through the'" BOP. *Castano v. Everhart*, 235 F. App'x 206, 207 (5th Cir. 2007) (quoting *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990)). The BOP's regulations provide for a multiple-step Administrative Remedy Program that "allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her own

[1] Those acronyms stand for Residential Reentry Center and Home Confinement, respectively.

confinement." 28 C.F.R. § 542.10; *see generally id.* §§ 542.10–542.19 (Subpart B, Administrative Remedy Program). To begin the process, "an inmate shall first present an issue of concern informally to staff." *Id.* § 542.13. If informal resolution does not address the inmate's concerns, within "20 calendar days following the date on which the basis for the Request occurred," the inmate must file "a formal written Administrative Remedy Request, on the appropriate form (BP-9)." *Id.* § 542.14(a). Once a BP-9 is filed, "response shall be made by the Warden . . . within 20 calendar days." *Id.* Next, "[a]n inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." *Id.* § 542.15(a). The Regional Director then has 30 calendar days to respond, *id.* § 542.18, and "[a]n inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response," *id.* § 542.15(a). The General Counsel has 40 calendar days to respond to the BP-11. *Id.* § 542.18.

"The filing of an appeal to the General Counsel 'is the final administrative appeal.' 28 C.F.R. § 542.15(a). Upon completing this multi-tiered review process, a federal inmate h[a]s exhausted h[is] administrative remedies for filing a § 2241 petition." *Gayton v. Rivers*, No. 3:23-CV-1842, 2023 WL 8007387, at *2 (N.D. Tex. Aug. 24, 2023), *report and recommendation adopted*, 2023 WL 8005316 (N.D. Tex. Nov. 17, 2023).

The records submitted by Respondent indicate that Giraldo-Santa never began—much less completed—the administrative remedy process as to a claim regarding missing FSA credits. Landers Decl. [9-1] at 4; Landers Decl. Attach. D [9-5]. And Giraldo-Santa does not claim to have exhausted, instead arguing that exhaustion is not statutorily required and that he should be

excused from any exhaustion requirement. Am. Pet. [4] at 2; *see also* Pet. [1] at 4–5. While it is true that exhaustion is not a jurisdictional prerequisite to seeking relief under § 2241, courts in the Fifth Circuit nevertheless require federal prisoners to "exhaust 'administrative remedies before seeking habeas relief . . . under . . . § 2241.'" *Mayberry v. Pettiford*, 74 F. App'x 299, 299 (5th Cir. 2003) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). And although there are "[e]xceptions to the exhaustion requirement," they "apply only in extraordinary circumstances, and it is [Giraldo-Santa's] burden to demonstrate the futility of administrative review." *Overshown v. Upton*, 466 F. App'x 361, 361 (5th Cir. 2012) (citing *Fuller*, 11 F.3d at 62).

Giraldo-Santa argues exhaustion should be excused because the "BOP administrative remedy typically requires 90 to 120 days to complete, which would only delay [Giraldo-Santa's] petition to [the] Court based on [the BOP's] predetermined position with regards to FSA implementation . . . ." Pet. [1] at 5. But "[t]he fact that it takes time to exhaust administrative remedies does not excuse a prisoner from initiating and completing the process." *De La Garza Salinas v. Warden*, No. 3:24-CV-662-KHJ-MTP, 2025 WL 1297674, at *2 (S.D. Miss. Apr. 9, 2025), *report and recommendation adopted*, 2025 WL 1296185 (S.D. Miss. May 5, 2025). "Indeed, the United States Supreme Court has held that even inmates who may be entitled to immediate release must exhaust their administrative remedies." *Id.* (citing *Preiser v. Rodriguez*, 411 U.S. 475, 494-95 (1973)); *accord Mosquera v. United States*, No. 3:25-CV-487-DPJ-ASH, 2025 WL 3681375, at *1 (S.D. Miss. Dec. 18, 2025). And the fact that a petitioner believes he will be unsuccessful in his pursuit of administrative remedies does not excuse the obligation to exhaust. *Andrade v. Childress*, 3:25-CV-822-KHJ-MTP, 2026 WL 1140905, at *2 (S.D. Miss. Mar. 30, 2026), *report and recommendation adopted*, 2026 WL 1139640 (S.D. Miss. Apr. 27, 2026). "Even if the BOP is likely to deny relief, it does not make exhaustion futile." *Id.* (quoting

*Wy v. Berkebile*, No. 3:08-CV-1894, 2008 WL 5262711, at *3 (N.D. Tex. Dec. 17, 2008)). Giraldo-Santa has not shown he should be excused from administrative exhaustion.

B. Merits

Alternatively, Giraldo-Santa's petition should be denied on the merits. The FSA created a system of "incentives and rewards for prisoners [who] participate in and complete evidence-based recidivism reduction programs" and other productive activities. 18 U.S.C. § 3632(d).

> It permits qualifying inmates to apply earned time credits towards prerelease community-based placements such as [in] a Residential Reentry Center or home confinement. 18 U.S.C. § 3624(g)(2). Further, at the discretion of the director of the BOP, time credits earned under the FSA may be applied towards release [to] supervision at an earlier date, *not to exceed 12 months.* [*Id.*] § 3624(g)(3).

*Duarte-Varsquez v. Warden, FCI Beaumont Low*, No. 1:24-CV-169, 2024 WL 4864618, at *3 (E.D. Tex. Oct. 28, 2024) (emphasis added), *report and recommendation adopted*, 2024 WL 4860787 (E.D. Tex. Nov. 20, 2024). In other words, "365 days of time credit . . . is the maximum amount of time credit an inmate may receive towards early supervised release" under the FSA. *McLean v. Rivers*, No. 3:23-CV-1750-G-BK, 2024 WL 665858, at *2 (N.D. Tex. Jan. 26, 2024), *report and recommendation adopted*, 2024 WL 666070 (N.D. Tex. Feb. 15, 2024). And the BOP's applicable program statement provides that for inmates who meet certain criteria, "365 days of earned [credits] will be automatically applied to early release." Program Statement 5410.01, First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4). Once those credits are earned and automatically applied, "[a]ny credits in excess of 365 may be applied to pre-release custody, including transfer to a Residential Reentry Center . . . or to Home Confinement." *Frey v. Martinez*, No. 2:23-CV-822, 2024 WL 3264823, at *2 (W.D. La. June 3, 2024), *report and recommendation adopted*, 2024 WL 3257126 (W.D. La. July 1, 2024).

In this case, without the approximately 400 days about which Giraldo-Santa complains, the maximum of 365 days has already been credited toward his early release to supervision. Landers Decl. Attach. A [9-2] at 2 ("WITH APPLIED FSA CREDITS.: 365 DAYS[,] THE INMATE IS PROJECTED FOR RELEASE: 10-05-2027 . . . ."). Thus, the supposedly disallowed days could *only* be applied towards a prerelease community-based placement (like a residential reentry center or home confinement). It is well-settled that, even after the FSA, "[t]he calculation of an inmate's time credits [with regard to] the assignment to a halfway house or home confinement remains within the discretion of the BOP." *Robinson v. Baysore*, No. 3:23-CV-489-HTW-LGI, 2024 WL 5466090, at *2 (S.D. Miss. July 26, 2024), *report and recommendation adopted*, 2025 WL 429796 (S.D. Miss. Feb. 7, 2025). As such, because Giraldo-Santa's requested relief "would not automatically entitle him to accelerated release," the Court cannot award it to him in a § 2241 petition. *Blackwell v. Warden, FCI Yazoo*, No. 3:24-CV-832-KHJ-MTP, 2025 WL 1370821, at *1 (S.D. Miss. May 12, 2025) (quoting *Maxwell*, 133 F.4th at 454); *see Maxwell*, 133 F.4th at 454 (observing that "the nature of [petitioner's] requested relief is transfer to a halfway house or home confinement" and holding that because "neither form of relief would entitle him to accelerated release, so the relief he seeks" is not available in habeas and "§ 2241 is not the proper vehicle" for these claims).[2]

[2] As explained above, Respondent is correct that Girlado-Santa did not properly exhaust his claim with the BOP. But "[b]ecause exhaustion is not a jurisdictional prerequisite to bringing a § 2241 petition, the Court may address the merits of such a petition notwithstanding a lack of exhaustion." *Nichols v. Joslin*, No. 3:04-CV-59, 2005 WL 1017833, at *4 (N.D. Tex. Mar. 25, 2005), *report and recommendation adopted*, 2005 WL 1017844 (N.D. Tex. Apr. 28, 2005).

## III. Conclusion and Recommendation

The Court has considered all arguments. Those not specifically addressed would not have changed the outcome. Because Giraldo-Santa has not exhausted his administrative remedies or shown exhaustion should be excused, the undersigned recommends his petition be dismissed without prejudice. Alternatively, because Giraldo-Santa's requested relief, if granted, would not entitle him to accelerated release from incarceration, the Court may not award it to him in this § 2241 action. The undersigned therefore recommends, in the alternative, that the Court deny Giraldo-Santa's petition on the merits.

## IV. Notice of Right to Object

In accordance with Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy[3] of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge at the time may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v.*

[3] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).

*Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted, this the 14th day of August, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE